21 F.3d 1112
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John L. DEBBS; Patsy R. Debbs, Plaintiffs-Appellants,
v.
CALIFORNIA WORKERS COMPENSATION APPEALS BOARD; William B.
Donohoe; Dennis Hannigan; Richard W. Younkin; Jacob
Margosian; John S. Oda; John R. Sullivan; Diana Marshall;
Department of Industrial Relations for the State of
California, Division of Labor Standards Enforcement,
Defendants-Appellees.
 No. 93-16442.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 24, 1994.*
Decided March 29, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John L. and Patsy R. Debbs appeal pro se the district court's dismissal for lack of subject matter jurisdiction of their action against the California Workers' Compensation Appeals Board (WCAB) and the State Department of Industrial Relations challenging the constitutionality of Cal.Lab.Code Secs. 5307, 5408, and alleging violations of their civil rights stemming from the adjudication of John Debbs's WCAB claim. We dismiss the appeal for lack of jurisdiction.
 
 
 3
 On May 3, 1993, the district court entered an order dismissing the Debbs's action for lack of jurisdiction. On May 17, 1993, the Debbs timely filed a notice of appeal. On June 2, 1993, the Debbs filed a motion for reconsideration. Ruling that it lacked jurisdiction to consider the motion for reconsideration because a notice of appeal had been filed, the district court entered an order denying the motion on July 15, 1993. On July 26, 1993, the Debbs filed a second notice of appeal from the underlying judgment. On September 15, 1993, this court dismissed for failure to prosecute the Debbs's first appeal.
 
 
 4
 The district court properly determined that it lacked jurisdiction to consider the Debbs's motion for reconsideration because it was filed after the filing of a notice of appeal. See Morris v. Morgan Stanley & Co., 942 F.2d 648, 654 (9th Cir.1991) (generally district court lacks jurisdiction after notice of appeal is filed). Therefore, the time for appealing the underlying judgment was not tolled by the motion for reconsideration. See Fed.R.App.P. 4(a)(4) (timely motion for reconsideration tolls the time for appealing underlying judgment). Because the Debbs filed their second notice of appeal 83 days after entry of the underlying judgment, the notice of appeal is untimely. See Fed.R.App.P. 4(a)(1) (to preserve an appeal of underlying judgment, notice of appeal must be filed within 30 days after entry of the judgment). Accordingly, we lack jurisdiction over this appeal.[1]
 
 
 5
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we dismiss the Debbs's appeal without recourse to the portion's of the WCAB's excerpt of record that the Debbs have moved to strike, we do not address the Debbs's motion